IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDY DESTY,
   Plaintiff,

v.

EXETER FINANCE, LLC,
   Defendant.

Civil Action No.
1:24-cv-02227-SDG

**OPINION AND ORDER**

This matter is before the Court on the Order and Final Report and Recommendation (R&R) of United States Magistrate Judge J. Elizabeth McBath [ECF 22], which recommends (among other things) that Plaintiff Andy Desty's Complaint be dismissed with prejudice. Desty filed objections to the R&R.[1] Defendant Exeter Finance, LLC responded to the objections.[2] For the following reasons, Desty's objections are **OVERRULED**, undersigned **ADOPTS** the R&R in full as the Order of this Court, and this case is **DISMISSED with prejudice**.

**I.   Background**

There is no objection to the R&R's summary of the allegations in Desty's Complaint or the procedural history of this case. Accordingly, the Court adopts

---

[1] ECF 26. Although Desty's objections were filed well beyond the time permitted under 28 U.S.C. § 636(b)(1) (even accounting for service by mail under Fed. R. Civ. P. 6(d)), given the well-known mail delays in this jurisdiction, the Court nonetheless considers the objections.

[2] ECF 28.

those discussions as if fully restated herein. The R&R recommends that Desty's motions for clerk's entry of default and for summary judgment be denied and that Exeter's motion to dismiss be granted with prejudice.[3]

## II. Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

---

[3] *See generally* ECF 22.

## III. Discussion

Desty's objections are the sort of frivolous, conclusive, or general objections the Court need not consider. For example, he claims the R&R conflicts with the federal and Georgia Constitutions without identifying any actual conflict.[4] Desty further objects to the R&R "for lack of evidence,"[5] and claims he is "not accepting" the R&R "until the Defendant provides evidence of a verified and validated Promissory Note bearing both parties' signatures."[6] But Exeter hasn't sued to try to enforce any note. This objection does not point to any purported factual or legal errors in Judge McBath's well-reasoned R&R.

Desty also demands that Judge McBath provide evidence about Exeter's response to the summons.[7] But the R&R points to the docket entries reflecting both the attempted service on Exeter and Exeter's response by motion to the Complaint.[8] The citations in the R&R to the law and the record are more than sufficient to support Judge McBath's conclusions and recommendations. And although Desty claims he did not receive a copy of Exeter's motion to dismiss,[9]

---

[4]   ECF 26, at 2.

[5]   *Id.* at 1.

[6]   *Id.* at 2.

[7]   *Id.*

[8]   ECF 22, at 6 (citing ECFs 5, 7).

[9]   ECF 26, at 2.

Exeter filed a proof of service showing that the motion was served via United States mail.[10] The motion and proof of service are readily accessible from the docket. Desty himself filed four motions on the docket—including a motion for summary judgment—after Exeter's motion to dismiss.[11] Desty has not identified any prejudice he suffered from his purported failure to receive the motion to dismiss, when it was properly served on him, Fed. R. Civ. P. 5(b)(2)(C), and it was publicly available on the docket.

Nor—as Desty's objections assert—was his consent required for Judge McBath to issue the R&R.[12] Federal law permits the exact process applied here— referral of a matter to a United States Magistrate Judge to issue a report and recommendation, with review by a District Judge. 28 U.S.C. § 636(b)(1). That is exactly the process followed here.

Finally, Desty's objections are based on incorrect legal premises. To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). "[A]ll well-pleaded facts

---

[10]   ECF 7-1, at 23.

[11]   ECFs 11, 14, 15, 19.

[12]   ECF 26, at 3.

are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). Applying those standards, Judge McBath concluded—and undersigned agrees—that the Complaint fails to state a claim. Without a plausible claim, Desty is not entitled to discovery or a trial.[13] *Miller v. Byers*, 833 F. App'x 225, 228 (11th Cir. 2020) (citations omitted) ("In granting a motion under Rule 12(b)(6) or Rule 12(c), the court makes a legal determination that the plaintiff cannot plausibly prevail under the facts alleged, even if those facts are accepted as true and construed in the plaintiff's favor. And we have held that a district court's resolution of a case based on a matter of law, before trial, does not violate the Seventh Amendment.").

## IV. Conclusion

Desty's objections [ECF 26] are **OVERRULED**. Undersigned **ADOPTS** the R&R [ECF 22] in full as the Order of this Court. Exeter's motion to dismiss [ECF 7] is **GRANTED**. Accordingly, Desty's motion for clerk's entry of default [ECF 11] is **DENIED**. Desty's motion for summary judgment [ECF 19] is **DENIED as moot**.

---

[13] *Id.*

All other pending motions [including ECFs 21, 27, 29, 31, and 34] are **DENIED as moot**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 27th day of March, 2025.

                                              Steven D. Grimberg
                                        United States District Judge